

# United States Bankruptcy Court
# for the District of Oregon

**Thomas M. Renn, Judge**
Virginia H. Denney, Judicial Assistant
Howard J. Newman, Law Clerk

405 East Eighth Avenue, Suite 2600
Eugene, Oregon 97401

(541) 431-4050
FAX: (541) 431-4047

July 2, 2012

Ms Laura J. Walker
1001 S. W. 5th Avenue
Suite 2000
Portland,, OR 97204-1136

Mr. Oren B. Haker
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204

RE: GROGAN, Charles & Sarah; Case No. 11-65409-tmr11
Harvest Capital Company's (**Harvest**) Motion for Clarification and Reconsideration

Dear Counsel:

    As the parties are aware, on June 7, 2012, I conducted an evidentiary hearing on the Debtors' motion to sell the Sunnyview parcel free and clear of liens. At the end of the hearing, I announced my findings of fact and conclusions of law and conditionally granted the motion. Final approval was conditioned on presentation and approval of the lease terms contemplated by the sale motion. Harvest has now moved for "clarification" or "reconsideration" of three (3) matters. The motion is brought under FRCPs 59(e) and 52(b) made applicable by FRBPs 9023, and 7052 and 9014(c) respectively.

    FRCP 59(e) allows the court to "alter or amend a judgment."

> [A]mending a judgment [under FRCP 59(e)] after its entry remains an extraordinary remedy which should be used sparingly. In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

> A court considering a Rule 59(e) motion is not limited merely to these four situations. . . . For instance, Rule 59(e) amendment may be particularly appropriate where . . . the amendment reflects the purely clerical task of incorporating undisputed facts into the judgment. . . . Such an amendment does not raise the concern that a party has abused Rule 59(e) to "raise" arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 -1112 ( 9th Cir. 2011) (internal citations and quotations omitted).

> A "manifest injustice" is defined as an "error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds;" while the term "manifest error" is an "error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record."

In re Oak Park Calabasas Condominium Ass'n , 302 B.R. 682, 683 (Bankr. C. D. Cal. 2003)(internal citations and quotations omitted).

Under FRCP 52(b) the court may "amend its findings-or make additional findings-and may amend the judgment accordingly." The grounds under Rule 52(b) are: (1) newly discovered evidence, (2) a change in the law, or (3) a manifest error of fact or law by the trial court. Metropolitan Business Management, Inc. v. Allstate Ins. Co., 2009 WL 4119270, *4 (C. D. Cal. 2009).

Motions to amend should not be used to reargue or "relitigate old matters [considered and rejected], or to raise arguments . . .that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486, n.5, 128 S. Ct. 2605, 2617 (2008)(Rule 59(e)); see also Far Out Productions, Inc. v. Oskar, 247 F.3d 986, 998 (9th Cir. 2001) (Rule 52(b)).[1]

Harvest's motion seeks:

> (1) clarification of the Court's ruling on Debtor's business justification for separating the Sunnyview land from the trees;

---

[1] A motion under either Rule 59(e) or 52(b) must be filed within 14 days of the applicable judgment or order. See FRBPs 9023 and 7052 (shortening the 28 days in FRCPs 59(e) and 52(b) respectively). Here, the motion was filed before entry of the order approving sale. As to Rule 59(e), I will exercise my discretion and address it. Lewis v. U.S. Postal Service, 840 F.2d 712, 713-714 (9th Cir. 1988) (a Rule 59(e) motion brought before entry of judgment may be heard as timely rather than denied as premature). A Rule 52(b) motion may be brought after findings and conclusions are announced but before entry of the judgment or order thereon. Weiner v. Perry, Settles & Lawson, Inc., 208 B.R. 69, 72 (9th Cir. BAP 1997), rev'd on other grounds, 161 F.3d 1216 (9th Cir. 1998).

> (2) reconsideration of the Court's ruling that Debtor is entitled to surcharge Harvest's collateral, pursuant to section 506(c) of the Bankruptcy Code, for attorneys' fees and expenses relating to the sale and leaseback of the Sunnyview Property (the "Transaction"), in light of the impairment and no benefit to Harvest; and
>
> (3) clarification of and, if necessary, additional findings on, the form of adequate protection that Harvest is entitled to due to the detrimental effect that the Transaction will have on Harvest.

Motion to Reconsider at pp. 1-2.

      Request #1 seeks more than mere "clarification." In fact, it seeks reconsideration and reversal of my conditional approval of the sale. In doing so, it re-posits arguments previously made and rejected. I have carefully reviewed the transcript of my ruling at the June 7th hearing. I find no "manifest" error of law or fact. Finally, to the extent Request #1 seeks additional factual findings or legal conclusions to support my ruling that Debtors met the standards for a § 363(b) sale, it will be denied, as my oral ruling is adequate.

      Request #2 is simply premature. I have not approved any § 506(c) surcharges. My June 7th ruling specifically required a subsequent proceeding to deal with those issues. This approach may involve an impound of a portion of the of sales proceeds pending such a determination, but that is different from allowing the surcharges sought. Denial of Request #2 is without prejudice to Harvest's rights to oppose any surcharge at the subsequent proceeding.

      Request #3 mainly concerns matters touched upon but not finalized at the June 7th hearing. There, Debtors offered their lessees' position as additional security/adequate protection. If the lease's terms are ultimately approved, such protection may be included in the final sale order, or may be separately memorialized in an adequate protection order. To the extent the parties can agree to a stipulated order with the added "lender" protections Harvest requests, I will likely approve same. To the extent they cannot, any party may request a further hearing. As to modifying the mortgage to reflect the Sunnyview parcel's release therefrom, I note a sale order free and clear of liens would accomplish the same thing.

      An order denying the motion to reconsider on Requests ##1 and 2 will be entered after matters concerning Request #3 are determined.

      Very truly yours,

*Thomas M. Renn*
THOMAS M. RENN
Bankruptcy Judge

TMR:vhd